UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10379-RGS

DONALD L. BROWN

v.

WELLS FARGO BANK, N.A.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

March 24, 2025

STEARNS, D.J.

Pro se plaintiff Donald L. Brown filed this latest, in an array of lawsuits, against defendant Wells Fargo Bank N.A. and John Does 1 through 5 and Jane Does 6 through 10 in the Dedham District Court. Wells Fargo promptly removed the case to the federal district court.[1] Brown's claims center on Wells Fargo's refusal to issue him a credit card. Brown avers that "in spite" of filing two previous lawsuits against Wells Fargo, it "has continuously punished [Brown] by continuously reporting a derogatory inquiry on [Brown's] credit report." Compl. ¶ 8. Demanding a trial by jury and $50,000 in damages, Brown asks Wells Fargo to withdraw the credit inquiry, asserting

---

[1] Wells Fargo bases its removal jurisdiction under 28 U.S.C. § 1331 (federal question) on Count I, citing 15 U.S.C. § 1125(a).

that it is "lowering [his] credit score." *Id.* ¶ 17. Brown's claims against Wells Fargo include "False or Misleading Representations under 15 U.S.C. § 1125(a)" (the Lanham Act) – Count I; "Fraud and Concealment" – Count II; "False or Misleading Representations under Mass. Gen Laws § 13A – Count III; "Invasion of Privacy" – Count IV; "Intentional Infliction of Emotional Distress" – Count V; "Negligent Infliction of Emotional Distress" – Count VI; "Negligent Hiring" – Count VII; "Negligent Failure to Provide Adequate Training" – Count VIII; "Negligent Failure to Provide Adequate Supervision" – Count IX; "Tortious Interference with Advantageous Relationship" – Count X; and "Violation of the Massachusetts Fair Credit Reporting Act" – Count XI. Wells Fargo moves again to dismiss all counts pursuant to under Federal Rule of Civil Procedure 12(b)(6). To date Brown has failed to oppose the motion (Opposition was due by March 6, 2025, plus three days for mailing). The court will allow the motion.

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the motion to dismiss stage, the court may take into consideration "matters of public record, orders, items appearing in the record of the case, and exhibits

2

attached to the complaint," in addition to the complaint's allegations. *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000), quoting 5A Wright & Miller, Federal Practice and Procedure § 1357, at 299 (1990).

Brown filed a nearly identical complaint against Wells Fargo last year, also in the Dedham District Court, which Wells Fargo also removed to this court. *See Donald L. Brown v. Wells Fargo Bank, N.A.*, No. 24-cv-10952-LTS (Brown I). Brown complained that Wells Fargo failed to honor a pre-approval of a credit card, "maliciously reported an inquiry to various so-called credit reporting agencies [('CRAs')] regarding plaintiff's alleged application for credit," and then "fail[ed] to remove that credit inquiry." Brown asserted his familiar claims of invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of Mass. Gen. Laws ch. 93A, § 11. In dismissing Brown's claims based on "preemption and sufficiency-of-pleading grounds," Judge Sorokin noted that "[t]his is not the first time Brown has brought state-law claims like the ones discussed here, citing *Brown v. First Nat'l Bank of Omaha*, No. 23-cv-13205 (D. Mass. June 21, 2024), Dkt # 15; and *Brown v. JPMorgan Chase & Co.*, No. 22-cv-11298 (D. Mass. May 17, 2023), Dkt # 21.[2]

---

[2] With regard to the latter case, Brown filed three substantially similar suits against JP Morgan Chase alleging that, after rejecting his credit card application, it "refused to delete the credit inquiry from his credit reports."

3

**DISCUSSION**

As Brown by now should know, res judicata (also known as claim preclusion) is a legal doctrine that prevents parties from relitigating claims that were or could have been raised in a prior action.[3] Claim preclusion "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and . . . encourage[s] reliance on adjudication." *Hatch v. Trail King Indus.*, 699 F.3d 38, 45 (1st Cir. 2012) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (internal quotation marks omitted). As Circuit Judge Lynch has pointed out, the Restatement (Second) of Judgments § 19

---

*Brown v. JPMorgan Chase, Co.*, No. 22-11298-FDS, 2023 WL 3511363, at *1 (D. Mass. May 17, 2023). *See also Brown v. JPMorgan Chase, Co.*, No. 23-130538-FDS, Dkt # 10; *Brown v. JPMorgan Chase, Co.,* No. 24-11571- FDS, 2024 WL 4393303 (D. Mass. Oct. 3, 2024). Chief Judge Saylor warned Brown "that if he continues to file groundless or vexatious lawsuits, he may be enjoined from filing further actions in this Court absent permission from a District Judge, and/or he may be subject to monetary sanctions." *Id.* at 3.

[3] In addition to Brown's other cases cited in this opinion, he has a number of dismissed (and pending cases although those are not included here) in this court similar to this one. *See e.g. Brown v. Citibank, N.A.,* 24-13084-AK; *Brown v. Western States Bank,* 24-12386-WGY; *Brown v. Reliable Community Bancshares, Inc.,* 24-cv-11292-DJC*; Brown v. Trans Union LLC,* 24-11292-NMG; *Brown v. PenFed Credit Union*, 24-11024-ADB; *Brown v. Equifax Inc.,* 24-11331-LTS; *Brown v. Experian Information Solutions, Inc.*, 24-cv-12253-NMG; *Brown v. Penn Federal Credit Union,* 24-12276-ADB; *Brown v. Synchrony Bank*, 24-11553-AK; *Brown v. Synchrony Financial Services Company,* 23-11047-DJC; *Brown v. Reliable Community Bancshares, Inc.*, 23-cv-11052-DJC; and *Brown v. Capitol One*, 1:18-cv-10759-DJC.

comment a (1982), states, "[t]he rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end." *Hatch*, 699 F.3d at 45. The First Circuit Court of Appeals repeatedly has held that both federal and Massachusetts doctrines of claim preclusion apply to removed actions, and that denial of leave to amend constitutes a final judgment on the merits, subjecting those claims to claim preclusion. *Id.* (internal cases omitted) (where a party fails to appeal a denial to amend a complaint, his recourse is appeal, not to start a new action).

Claim preclusion applies if (1) the earlier suit resulted in a final judgment on the merits; (2) the causes of action asserted in the earlier suits are sufficiently identical or related; and (3) the parties in the two suits are sufficiently identical or closely related. where a final judgment on the merits was entered. *See Haag v. United States*, 589 F. 3d 43, 45 (1st Cir. 2023). In the earlier case, Judge Sorokin carefully dissected each claim, allowed Wells Fargo's dispositive motion, and entered judgment. *See Brown v. Wells Fargo Bank, N.A.*, No. 24-cv-10952-LTS, Dkt #19 at 3-7. With regard to the second prong, to determine whether two causes of action are same for purposes of res judicata, federal and Massachusetts courts ask whether two

actions arose from same transaction or series of connected transactions. *See Trindade v. Grove Serv., Inc.*, 91 F. 4th 486, 496 (2024); *Haag v. U.S.*, 589 F. 3d 43, 46 (2009) ("[A]s long as the new complaint grows out of the same transaction or series of connected transactions as prior complaint, the causes of action are considered to be identical for purposes of res judicata."). The claims are based upon the same transaction – Wells Fargo's denial of Brown's credit card application. Brown's claims here are precluded.

## ORDER

For the foregoing reasons, this case is dismissed with prejudice. The Clerk will enter judgment for Wells Fargo and close the case. Further, the Clerk is to send this opinion to the Chief Judges of the Massachusetts District and Superior Courts with this court's recommendation that their Clerks be instructed to accept no more filings by Brown absent prior approval of a judge of those courts.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE